IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ADAM RAUCH,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 6:03-MJ-00026 HGB<br>1: 07-CV-0730 WMW<br><br>MEMORANDUM OPINION AND ORDER RE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. SECTION 2255 |

    Petitioner is proceeding with a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. Section 2255. In this motion, Petitioner challenges a May 27, 2004 conviction arising out of the United States Magistrate Court sitting in Yosemite National Park, California.

**PROCEDURAL HISTORY**

    Following a bench trial on May 26 through 27, 2004, Petitioner was convicted of one count of violating 18 U.S.C. Section 2244(b), knowingly engaging in sexual contact with

another person without that person's consent. On January 11, 2005, the court sentenced Petitioner to 36 months of formal probation, with special conditions that he participate in a program of mental health treatment and serve a total of 30 days in custody. On March 10, 2005, the court modified Petitioner's sentence to provide he serve 30-days of home confinement in lieu of the 30-days in custody of the Bureau of Prisons. Petitioner did not file an appeal.

On May 18, 2007, Petitioner filed the present motion under 28 U.S.C. Section 2255. Petitioner seeks relief on the ground that he was improperly deprived of the right to a jury trial. Petitioner bases his claim of such a right on the allegation that after his conviction, he was required by the State of California to register as a sex offender under Penal Code Section 290. Pursuant to court order, Respondent filed an opposition on August 15, 2007. Petitioner filed a traverse on August 23, 2007.

## LEGAL STANDARD

The relevant statute is 28 U.S.C. Section 225, which provides in part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

## DISCUSSION

Statute of Limitations

In opposing the motion to vacate, set aside or correct sentence, Respondent first contends that the motion is barred by the statute of limitations. The limitation period for the filing of a motion pursuant to Section 2255 runs from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Respondent argues that although Petitioner states in his petition that he was not aware of the requirement to register under California Penal Code Section 290 ("Section 290") concerning the registration of sex offenders until May 9, 2007, he provides no evidence to support this assertion. Respondent states that documents in the government's file show that Petitioner did register as a sex offender in May of 2007. Specifically, Respondent states that on May 17, 2007, the government received a fax transmittal from the Livermore police department informing it that Petitioner is now a registered sex offender residing in Livermore, and requesting a copy of the government's arrest reports. Respondent states that the government is aware of no document that reveals why Petitioner decided to register himself with Livermore at that time, and whether he had registered himself with another locality before that. Respondent contends that absent some proof by Petitioner of how he learned of the registration requirement only in May of 2007, his motion under Section 2255 should be denied as time-barred.

In response, Petitioner claims in his traverse that on May 5, 2007, he was contacted by Shaheen Shan, a United States Probation Officer and summoned to her office at 1301 Clay Street, Suite 220 S., Oakland, CA on May 9, 2007. Petitioner states that upon his arrival, he was presented with an order from the California Department of Justice ordering Ms. Shan to require Petitioner to register under Section 290 by May 23, 2007. Petitioner provides a copy of that order. Petitioner states that he had not previously been compelled to register as a sex offender by any governmental authority and therefore did not previously learn of the duty to register.

In light of the information provided by Petitioner, the court finds that the statute of limitations began running in this case on May 9, 2007, as this was the date on which the facts

3

supporting the claim or claims presented could have been discovered through the exercise of due diligence. The court thus rejects Respondent's argument that this petition is barred by the statute of limitations and will consider the petition on the merits.

Violation of Right to Trial By Jury

Petitioner contends that his rights under Article 3 and the Sixth Amendment to the Constitution were violated because he was not granted a jury trial. Specifically, Petitioner claims that he was entitled to a jury trial because of the serious consequences of his conviction. Those consequences, explains Petitioner, include the imposition of lifetime surveillance and registration as a Section 290 sex offender. He notes that Section 290 registration is akin to and in many ways more restrictive than supervised probation, which at some point ends. He argues that the imposition of Section 290 registration must be considered more than a petty sanction and exposure to more than petty sanctions mandates a jury trial. Relatedly, Petitioner argues that the magistrate court violated its own local rules in not providing him with a jury trial and that his counsel was ineffective for not obtaining a change of venue and a jury trial.

Respondent's first argument in opposition to the merits of the petition is that Petitioner has not shown that he is required to register himself under California Penal Code Section 290. In light of the evidence discussed above in connection with the statute of limitations, the court rejects this argument.

Secondly, Respondent argues that the Section 290 requirement does not change Section 2244 into a non-petty offense, thereby entitling Petitioner to a jury trial. It argues that
the focus is on the penalties which the legislature has attached to the offense in question, and that only statutory penalties for the offense charged are to be taken into account. Finally, Respondent argues the requirement that a person register as a sex-offender does not constitute punishment.

The right to jury trial is reserved for defendants accused of serious offenses and does not extend to petty offenses. Duncan v. Louisiana, 391 U.S. 145, 159 (1968). The Supreme Court has explained as follows:

> Now, to determine whether an offense is petty, we consider the maximum penalty attached to the offense. This criterion is considered the most relevant with which to assess the character of an offense, because it reveals the legislature's judgment about the offense's severity. "The judiciary should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task...." Blanton, 489 U.S., at 541, 109 S.Ct., at 1292 (internal quotation marks omitted). In evaluating the seriousness of the offense, we place primary emphasis on the maximum prison term authorized. While penalties such as probation or a fine may infringe on a defendant's freedom, the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of whether the legislature considered an offense to be "petty" or "serious." Id., at 542, 109 S.Ct., at 1292. <u>An offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious.</u> Id., at 543, 109 S.Ct., at 1293 (emphasis added); Codispoti v. Pennsylvania, 418 U.S. 506, 512, 94 S.Ct. 2687, 2691, 41 L.Ed.2d 912 (1974).

Lewis v. United States, 518 U.S. 322, 326 (1996).

The maximum authorized penalty for violating 28 U.S.C. Section 2244(b) at the time of Petitioner's conviction was 6 months in prison and a $5,000 fine. Thus, the offense is presumed petty, and does not create the right to a jury trial, unless the above standard is met. Petitioner argues that the standard is met because of the requirement to register as a sex offender under California law. However, Congress enacted 18 U.S.C. Section 2244(b), not the California legislature. Thus the view of the State of California as to the seriousness of the offense is not relevant. Further, only "statutory penalties" are to be considered as to the seriousness of the offense, and California's registration requirement is not a "statutory penalty" for this offense, as it was not enacted by Congress in conjunction with Section 2244(b). Petitioner argues that Congress indirectly created the California registration requirement through its mandate that "every state adopt and maintain a program for the registration and tracking of sexual offenders," in 42 U.S.C. Section 14071, passed by Congress in 1994. However, the California Supreme Court has expressly held that the sex

offender registration requirement is not punishment for purposes of state and federal ex post facto analysis. People v. Castellanos, 21 Cal.4th 785 (1999). The court is unconvinced that it should be considered punishment in this instance.

Petitioner notes that jury trials are now mandated for persons charged under 18 U.S.C. Section 2244(b). Respondent agrees, noting that this is because the possible penalty was increased to two years in 2006. The court agrees with Respondent that the penalty Petitioner himself faced is what determines his right to jury trial, not the potential penalty faced by a person charged with the crime at the present time.

In arguing that the magistrate court violated the Local Rules by failing to provide him with a jury trial, Petitioner cites Local Rule 73-301, and says that he instructed his counsel to push for his right to trial. He states that he was never advised of his right to trial, nor did he ever relinquish that right. As Respondent notes, Local Rule 73-301 is inapplicable, because it provides for trials by consent before magistrate judges in civil cases. In his traverse, Petitioner cites Local Rule 58-421, which is entitled, "Disposition of Misdemeanor Actions." Petitioner specifically cites subsection (c), which he claims states that he has the right to trial. Petitioner is mistaken. Subsection (c) provides in its entirety as follows:

> (1) Jury trials may be conducted only by the full or part-time Magistrate Judges assigned to Sacramento, Fresno and Yosemite.
> (2) When a defendant requests a jury trial in an action pending before a Magistrate Judge without such jurisdiction, the Magistrate Judge shall transfer the action to Sacramento or Fresno for trial. See L.R. 3-120(h), Crim 18-4-02(a). The transfer shall divest the original Magistrate Judge of any further jurisdiction over the action.

This rule does not provide, as Petitioner claims, for jury trial upon request. Rather, this rule provides a mechanism for transferring an action in cases where a jury trial has been requested and the magistrate judge lacks jurisdiction. There was no such lack of magistrate judge jurisdiction in this case. Rather, there was no right to a jury trial.

Finally, Petitioner claims that his trial counsel was ineffective for failing to obtain a jury trial and a change of venue out of Yosemite National Park. Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "in order to protect

6

the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A claim for ineffective assistance must meet the two-part test advanced by the Strickland court. First, petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, [petitioner] must show that the deficient performance prejudiced the defense. Id. at 687. In this case, Petitioner cannot meet the first part of the test, because he cannot demonstrate that his trial counsel made any errors. Accordingly, this claim is meritless.

In his traverse, Petitioner asks the court to rule on the issue of whether his conviction required registration under California law. It is unnecessary for the court to reach this issue in order to resolve the present case. Because the federal courts are courts of limited jurisdiction, they lack the authority to issue advisory opinions such as Petitioner requests. See Hillblom v. United States, 896 F.2d 426, 430 (9th Cir.1990). Further, this is a matter of California law, which must be addressed to the California courts. Petitioner also asks this court to rule that not all the elements required for a conviction under California Penal Code Section 243.3 were proven in the present case. Again, this court cannot issue advisory opinions.

In light of all of the above, the court concludes that Petitioner has not carried his burden of establishing any basis for this court to vacate, set aside or correct the sentence imposed.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The motion to vacate, set aside, or correct sentence is DENIED;

2) The Clerk of the Court is directed to ENTER judgment for Respondent and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 18, 2007**         **/s/  William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE